UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20062
_____

DUANE TARRANT; JUDITH A. RAVEN,

Plaintiffs-Appellants,

versus

KELLER INDUSTRIES, INC.; HOME DEPOT OF TEXAS, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(93-CV-2691)
_____

May 15, 1996

Before POLITZ, Chief Judge, JONES, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Having received an adverse judgment, Duane Tarrant and his wife Judith Raven (the Plaintiffs) challenge the denial of their motion to excuse a prospective juror for cause.  We **AFFIRM**.

I.

    In August 1993, the Plaintiffs sued Keller Industries, Inc.,[**] and Home Depot of Texas, Inc., in Texas state court, seeking damages for injuries sustained by Duane Tarrant upon falling from

_____

[*]    Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[**]    Because Keller Industries, Inc., recently filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, this action as to Keller is automatically stayed. 11 U.S.C. § 362(a).

a ladder manufactured by Keller and sold by Home Depot.  The action was removed to federal court.

As noted, the sole issue here involves the denial of the Plaintiffs' motion to excuse a prospective juror, Juror Number 7, for cause.  The Plaintiffs so moved after Juror Number 7 stated on voir dire that she had become "very angry" about the filing of frivolous lawsuits; that she was a member of Citizens Against Frivolous Lawsuits; and that, as a result of her views regarding frivolous lawsuits, she would "come [to the trial] with a bias for the defendant".  When asked by Plaintiffs' counsel whether she would need to be convinced beyond a reasonable doubt in order to decide for the Plaintiffs, she responded affirmatively.

Juror Number 7 stated repeatedly, however, that, despite any initial bias, she would listen to the evidence presented by the Plaintiffs and reach a just decision.  She stated also that (1) if she "heard the evidence and ... thought that what [the Plaintiffs] had to say was valid", then she "could be fair"; (2) she thought that she "could be fair based on the evidence"; and (3) she thought that she could be generally "fair and impartial".  Furthermore, she indicated on at least three different occasions that she could follow the instructions of the court.

After the court refused to excuse Juror Number 7 for cause, the Plaintiffs used one of their peremptory challenges to remove her.  They contend that, as a result, they were forced to accept another juror who would have been the subject of a peremptory challenge had Juror Number 7 been excused for cause.

2

The jury returned a verdict adverse to the Plaintiffs, and the district court entered judgment on the verdict. The Plaintiffs moved unsuccessfully for a new trial, renewing their objection to the refusal to excuse Juror Number 7.

## II.

It is well established that "`[t]he judge's determination as to actual bias by jurors is reviewed for manifest abuse of discretion'". *United States v. Bryant*, 991 F.2d 171, 174 (5th Cir. 1993) (quoting *United States v. Mendoza-Burciaga*, 981 F.2d 192, 197-98 (5th Cir. 1992), *cert. denied*, 114 S. Ct. 356 (1993)); *Mu'Min v. Virginia*, 500 U.S. 415, 427 (1991) (concluding that appellate courts must afford wide discretion to trial courts in conducting voir dire of jurors); *Wilson v. Johns-Manville Sales Corp.*, 810 F.2d 1358, 1361 (5th Cir.), *cert. denied*, 484 U.S. 828 (1987); *Smith v. Shell Oil Co.*, 746 F.2d 1087, 1097 (5th Cir. 1984). We have emphasized that "the adequacy of *voir dire* is not easily subject to appellate review .... [The trial judge] must reach conclusions as to impartiality and credibility by relying on ... evaluations of demeanor evidence and of responses to questions." *Bryant*, 991 F.2d at 174 (quoting *Mu'Min*, 500 U.S. at 424) (internal quotations omitted); *see also Wilson*, 810 F.2d at 1361; *United States v. Barber*, 668 F.2d 778, 786 (5th Cir.), *cert. denied*, 459 U.S. 829 (1982). The fact that a prospective juror has indicated that she would find it difficult to be impartial is "not ... automatically disqualifying". *Wilson*, 810 F.2d at 1361; *see*

3

also *United States v. Apodaca*, 666 F.2d 89, 94 (5th Cir.), *cert. denied*, 459 U.S. 823 (1982).

Juror Number 7 stated that she (1) would listen to the evidence; (2) could be fair based on that evidence; and (3) could follow the instructions of the court. The court credited these statements. It also specifically discounted any indication by Juror Number 7 that she would need to be convinced beyond a reasonable doubt in order to decide for the Plaintiffs. Noting that the Plaintiffs had framed their question to her in a manner that "dictate[d] what the burden is", the district court concluded that excusing Juror Number 7 on the basis of her response would be "a little bit deceptive and misleading ... because ... [the wrong b]urden of proof was given to her".

The fact that Juror Number 7 acknowledged an initial bias for the defendants during voir dire is undeniably troubling. Nevertheless, that fact alone does not dictate the conclusion that she should have been excused. *Wilson*, 810 F.2d at 1361; *see also Apodaca*, 666 F.2d at 94. Viewing the voir dire -- including the testimony of Juror Number 7 that she could be fair and follow the instructions of the court -- in its entirety, and recognizing that "[t]he district judge, present in the courtroom, must deal in inflections, nuances and evanescent impressions not preserved for an appellate bench", *Barber*, 668 F.2d at 786, we conclude that the refusal to remove Juror Number 7 did not constitute a manifest abuse of discretion.

4

III.

For the foregoing reasons, the judgment is

**AFFIRMED.**